IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| James Hughes, | ) | C.A. No. 2:05-2361-TLW-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Mr. George Gintoli, Director of the South | ) | |
| Carolina Department of Mental Health; | ) | |
| Mr. John Connery, South Carolina | ) | |
| Department of Mental Health; | ) | |
| Mr. Jonathon Ozmint, Director of South | ) | |
| Carolina Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This *pro se* plaintiff, along with several other *pro se* plaintiffs, has been involuntarily civilly committed to the South Carolina Department of Mental Health as a Sexual Violent Predator (SVP) pursuant to the South Carolina Sexually Violent Predator Act (SVP Act), S.C. Code Ann. § 44-48-10. The plaintiff filed suit against George Gintoli, Director of the South Carolina Department of Health, John Connery of the South Carolina Department of Mental Health, and Jonathon Ozmint, Director of the South Carolina Department of Corrections on August 16, 2006. (Doc. #2). The plaintiff has alleged that the defendants violated his rights by, "housing them within the confines of the Edisto Unit of Broad River Correctional Institution, an Institution established by the General Assembly for the confinement of persons convicted of such crimes designated by law." (Doc. #2). The plaintiff claims that such action is a violation of his Due Process rights, as well as a violation of the Equal Protection Clause. (Doc. #2). In his complaint, the plaintiff requests declaratory

1

judgment and injunctive relief against the defendants, as well as compensatory and punitive damages.  (Doc. #2).

The defendants filed an answer to the complaint on October 17, 2005 disavowing the plaintiff's allegations.  (Doc. #8).  The plaintiff filed a reply on October 27, 2005.  (Doc. #9).  That same day, the plaintiff filed a motion for summary judgment.  (Doc. #10).  The defendants filed a response in opposition to the motion for summary judgment on November 29, 2005.  (Doc. #13).  The defendants alternatively filed a motion for summary judgment on November 29, 2005.  (Doc. #14).  On December 15, 2005, the plaintiff filed a response in opposition to the defendants' motion for summary judgment.  (Doc. #17).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Robert S. Carr, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.).  In his Report, Magistrate Judge Carr recommends that the defendants' motion for summary judgment be granted, and that this action be dismissed.  (Doc. #19).  The plaintiff has filed objections to the Report.  (Doc. #20).

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations

omitted). In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. A review of the record indicates that the Report accurately summarizes this case and the applicable law. The Court, therefore, accepts the Report.

**IT IS HEREBY ORDERED** that for the reasons articulated by the Magistrate Judge, the Magistrate Judge's Report is **ACCEPTED** (Doc. #19), the plaintiff's objections are **OVERRULED** (Doc. #20), the defendants' motion for summary judgment is **GRANTED** (Doc. #14) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

                                         S/ Terry L. Wooten
                                         **TERRY L. WOOTEN**
                                         **UNITED STATES DISTRICT JUDGE**

June 7, 2006
Florence, South Carolina